# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

PHILLIP CORDELL,

      Plaintiff,           :        Case No. 3:10-cv-212

                                    District Judge Thomas M. Rose
    -vs-                                 Magistrate Judge Michael R. Merz

                               :

JOHN DOE McKINNY, Deputy Sheriff,

      Defendant.

## DECISION AND ORDER; SUPPLEMENTAL MEMORANDUM OPINION

**Change of Venue**

      This case is before the Court on Plaintiff's Motion to Change Venue (Doc. No. 29). Defendant opposes the Motion (Doc. No. 32). Plaintiff purports to bring the Motion under 28 U.S.C. § 455(a) which is one of the provisions of law for disqualifying a federal judicial officer. If Plaintiff believes Judge Rose is disqualified from presiding in this case, he must file a motion for Judge Rose's recusal which will be acted on in the first instance by Judge Rose. *United States v. Studley,* 783 F.2d 934, 940 (9th Cir. 1988); *In re Drexel Burnham Lambert, Inc.,* 861 F.2d 1307, 1312 (2d Cir. 1988) *reh'g denied*, 869 F.2d 116; *MacNeil v. Americold Corp.*, 735 F. Supp. 32, 36 (D. Mass. 1990)(specifically applying rule to United States magistrate judges). § 455(a) does not provide for a change of venue as a remedy for judicial disqualification.

      As another ground for transfer of venue, Plaintiff alleges he has "received responses to his inquiries in the Cincinnati area advising him that law firms would consider representing him if the

venue were transferred ..." This is also not an appropriate basis for transfer of venue. Venue would only be transferred if the Court were unable to obtain an impartial jury to try the case at the Dayton location of court.

The Motion for Change of Venue is denied.

### Objections to Magistrate's Decision

This case is also before the Court on Plaintiff's Objections (Doc. No. 30) to that portion of the Magistrate Judge's Order Vacating Stay of Proceedings (Doc. No. 26) which denied appointment of counsel. The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

Plaintiff contends that denial of a motion for appointment of counsel is case dispositive and should therefore be ruled on in the first instance by a district judge, not a magistrate judge. He offers no authority for this proposition. Certainly a motion for appointment of counsel is a pre-trial motion and is not excluded from magistrate judge determination by the relevant statute, 28 U.S.C. § 636(b).

Moreover, it appears Plaintiff may have a misunderstanding about appointment of counsel in civil cases. Not only is there no "absolute" right to appointment of counsel, but the Court is entirely dependent on the willingness of attorneys to accept such cases voluntarily. Congress has appropriated no funds for payment of counsel in these cases and courts cannot compel attorneys to serve without compensation. *Mallard v. United States District Court*, 490 U.S. 296 (1989). Without doubt an attorney would be most helpful to Plaintiff and indeed to the Court in managing the case, but the Court has no resources with which to obtain counsel beyond the reference already made to to the Volunteer Lawyers Project.

**Motion for Discovery**

Plaintiff has filed an unsigned Motion for Discovery (Doc. No. 31). It is hereby stricken for lack of signature.

**Motion for Stay of Discovery**

Defendant moves (Doc. No. 33) to stay discovery pending a decision on his impending motion to dismiss on a defense of qualified immunity. Because qualified immunity is an immunity from suit as well as from damages, a public official who pleads a qualified immunity defense is entitled to have that defense decided before the case proceeds even to discovery. *Siegert v. Gilley*, 500 U.S. 226, 231 (1991); *Mitchell v. Forsyth*, 472 U.S. 511 (1985); *Dominque v. Telb*, 831 F.2d 673 (6th Cir. 1987); *Poe v. Haydon*, 853 F.2d 418 (6th Cir. 1988). Therefore all discovery in this case is stayed pending ruling on Defendant's impending motion to dismiss. The Magistrate Judge notes that this is a dispositive motion on which he will be making a recommendation to the district judge, rather than a ruling.

January 13, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge
