# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

PHILLIP CORDELL,

        Plaintiff,              :         Case No. 3:10-cv-212

                                            District Judge Thomas M. Rose

    -vs-                        Magistrate Judge Michael R. Merz

                              :

JOHN DOE McKINNY, Deputy Sheriff,

        Defendant.

---

## DECISION AND ORDER

---

       This case is before the Court on Plaintiff's "Motion for Discovery and Motion for a Stay for Want and the Issuance of a Subpoena" (Doc. No. 38) and "Motion Regarding Preliminary Pretrial Conference and Motion to Preserve" (Doc. No. 39).

       In accordance with the Court's prior Order (Doc. No. 34) all discovery herein is stayed until a decision on Defendant's impending motion to dismiss, which must be filed by March 1, 2011. Plaintiff's request for discovery made in Doc. No. 38 is denied without prejudice to its renewal after the discovery stay has been lifted. No subpoena will be issued at this time. However, Defendant's counsel shall give notice to the appropriate Greene County official in the nature of a litigation hold to maintain all evidence, including electronic evidence, relevant to this case for purposes of eventual discovery.

       In his second Motion, Plaintiff notes his difficulty in obtaining access to a telephone for the preliminary pretrial conference. Since the conference has been cancelled, the issue is moot for the present. If and when the Court needs a telephone conference with Plaintiff in the future, it will arrange that with the prison officials; if they are uncooperative, they will be ordered to produce

Plaintiff in person.  Plaintiff's request for appointment of a special master to assist in this regard is denied.

Regarding Plaintiff's renewed request for appointment of counsel, as Plaintiff has been told before (1) no attorney can be compelled to take the case without being paid and (2) Congress has not appropriated any money for such a payment.

Plaintiff renews his request for a change of venue on the basis that not reassigning it from Judge Thomas Rose will create "the appearance of bias and/or impropriety."  He claims unnamed attorneys have told him of the need for reassignment.  He concludes "Furthermore, this case was originally filed in the Eastern Division under District Judge Sargus.  How it arrived then in the Western Division is probably better imagined than described."  Thereby Plaintiff suggests he has already been dealt with in some nefarious conspiratorial manner.

Judge Thomas Rose was an elected Judge of the Greene County Common Pleas Court from 1991 until elevated to the federal bench in 2002.  During his time as a Common Pleas Judge, he would have heard literally hundreds, perhaps thousands, of criminal cases where the cases were brought by Greene County law enforcement officers and prosecuted by the Greene County Prosecuting Attorney.  This is not an unusual situation for a Common Pleas Judge.  Indeed, during his twelve years as a Montgomery County Common Pleas Judge, District Judge Walter Rice, one of Judge Rose's colleagues on the Dayton federal bench, would have heard hundreds or thousands of criminal cases brought by Montgomery County law enforcement officials.  Obviously, having an unbiased judge is even more important in a criminal case than a civil case because the judge determines the ultimate sentence.  If Plaintiff's theory of judicial bias – that any judge with a long association with a county could not hear cases brought by or against law enforcement authorities of that county – every local judge in the United States would be disqualified, at least after a year or so on the bench.  While it would be perhaps possible to transfer every case to a different county for

trial, it would be enormously inconvenient and this Court knows of no case authority holding that there is any appearance of impropriety from a judge's sitting on a case involving law enforcement authorities from the county where the judge sits, much less after the judge has left the bench in that county more than ten years before.  In other words, if Plaintiff's theory were adopted, it would work a major disruption of both criminal and civil justice systems.  Recusal of judges is for cause and Plaintiff has shown no cause.

Regarding venue, Plaintiff's only stated reason for changing venue is his claim about Judge Rose's disqualification, which is meritless.  The Court notes that Plaintiff's initial papers, as he contends, were mailed to the Clerk in Columbus, assigned Case No. 2:10-cv-500, and assigned to District Judge Sargus and Chief Magistrate Judge Kemp.[1]  However, noting that the only named Defendant was a Greene County Deputy Sheriff and all of the events described in the Complaint occurred in Greene County, Chief Magistrate Judge Kemp ordered that the case be transferred to Dayton because S. D. Ohio Civ. R. 82.1(c) requires that an action filed against a defendant who resides in this District "shall be filed at the location of court which embraces a county in which at least one defendant resides."  (Order, Doc. No. 4, PageID 38.)  Thus there is no need to "imagine" how the case was transferred to Dayton: it was done by an Order openly done and filed and it was done because Plaintiff filed at the wrong location of court.

If Plaintiff wishes to have this case off Judge Rose's docket, he is free to consent to plenary magistrate judge jurisdiction, which means the undersigned would handle the case through final judgment, including trial.  Consent must be unanimous, so Defendant would have to consent as well.  Under separate cover, the Court will send Plaintiff the forms for consenting if he wishes.  Failure to consent will have no adverse substantive consequences.  For Plaintiff's information, the

---

[1]Assignment of cases to district judges and magistrate judges is done randomly by the Court's electronic filing system.  Although this case was improperly filed at Columbus, the Clerk could not transfer it.  The order of transfer had to be done by a judge.

undersigned is a lifelong resident of Dayton, Ohio, and has never held any office in Greene County.

February 8, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge